## No. 893.

### Wm. C. Bee & Co. vs. Carlin & Leslie.

Carlin & Leslie, being planting partners, borrowed of plaintiffs a certain sum of money to carry on their plantation and executed a written obligation which was duly recorded in 1872. In January, 1873, other parties claiming privileges upon the crop of said Carlin & Leslie sequestered a certain quantity of sugar, which sugar was released on bonds by the seizing creditors. Whereupon Carlin & Leslie compromised with said creditors who had caused the sale of the sugar. Subsequently, the plaintiffs in this present instance intervened in the suits aforesaid, claiming a privilege upon the property sequestered. The suits were dismissed in consequence of the compromise, and the intervention followed the fate of the principal suits. Long afterward, Bee & Co. instituted the present suit against Carlin & Leslie, who were then absentees, and sequestered the delivery bonds executed by the plaintiffs in the former suits as the property of the absent defendants, claiming a privilege on said bonds.

The mere statement of the case shows that the plaintiffs' pretensions are untenable. When they intervened in the original suits, those suits, in fact, did not exist, having been previously settled by the debtors. Consequently, the bonds were virtually canceled by the settlement, and the defendants, Carlin & Leslie, have no right or title to them.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J. *Fred. Gates*, for plaintiffs and appellants. *A. C. Allen*, representing absent defendants and appellees.

Ludeling, C. J. Carlin & Leslie, planters in St. Mary, procured a loan of three thousand dollars from W. C. Bee & Co. to carry on their plantation, and executed a written obligation for the same, which was duly recorded in 1872. In January, 1873, creditors of the defendants, holding privileged claims against them, sequestrated about seventy-five hogsheads of sugar belonging to them, and, subsequently, the plaintiffs in said suits bonded the sequestrated property. Whereupon, during the same month, Carlin & Leslie compromised with said creditors, who had caused the sale of the sugar, by acknowledging their claims, and consenting to their payment out of the proceeds of the sale of the sugar, and received the surplus of the price. After this, the plaintiffs in the pending suit intervened in the suit aforesaid, claiming a privilege upon the property sequestered. The suits were dismissed by judgment of the court on motion of plaintiffs; and the intervenors also followed the fate of the principal suits. The intervenors did not appeal, but long afterward instituted the present suit against Carlin & Leslie, who were then absentees, and sequestered the delivery bonds executed by the plaintiffs in the former suits, as the property of the absent defendants, claiming to have a privilege upon said bonds. The mere statement of the case shows that the plaintiffs' pretensions are untenable. When they intervened in the original suits, in fact, the suits did not exist, having been previously settled by the debtors. Consequently, the bonds given by the plaintiffs for the delivery of the property were virtually canceled by

the settlement, and the defendants Carlin & Leslie have no right or title to them.

· The defendants, being absentees; and having no property in the State, could not be properly sued here. But whether they could be·sued or not, obviously they had no rights in the forthcoming bonds aforesaid, and the plaintiffs could have no privilege upon said·bonds, and no grounds existed for a sequestration. The case in 9 An.· 422· is· not in point.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.